The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner John A. Hedrick and the briefs and oral arguments on appeal. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award.
* * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing on 5 December 1996 as:
STIPULATIONS
1. On the date of plaintiff's alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On that date, an employment relationship existed between plaintiff and defendant-employer.
3. A set of plaintiff's medical records, marked as Stipulated Exhibit Number Two, is admitted into evidence.
4. A set of plaintiff's employment records, marked as Stipulated Exhibit Number Three, is admitted into evidence.
5. Plaintiff's answers to defendant's first set of interrogatories, marked as Stipulated Exhibit Number Four, are admitted into evidence.
6. Plaintiff's answers to defendant's second set of interrogatories, marked as Stipulated Exhibit Number Five, are admitted into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing on 5 December 1996, plaintiff was thirty-two years old. She had graduated from high school and attended a community college for approximately six months. Her employment history included work for a grocery store as a clerk and a stocker and work for another employer as a sewer. Plaintiff worked for defendant during two separate periods. She first worked for defendant for ten months beginning in 1991 or 1992. She returned to work for defendant on 11 July 1994 and continued to be so employed through the date of the incident giving rise to this claim.
2. Defendant was a manufacturer of components for electronic equipment, including voting machines. On 27 February 1995, plaintiff worked for defendant assembling boards that provided power to the voting machines. Plaintiff's work station was located within ten feet of a solder machine. The machine was equipped with an exhaust system that vented through the building's roof to the outside of the building. The machine was cleaned periodically. The cleaning was performed before plaintiff's work shift began.
3. On 27 February 1995, plaintiff began working at 7:00 a.m. While working on that date, plaintiff had difficulty concentrating and felt dizzy and confused. She was menstruating and had been experiencing flu-like symptoms, including earaches, for approximately one week. At 3:20 p.m., plaintiff was sweeping the floor in her work area when she lost consciousness, fell to the floor, struck her head and began having tonic-clonic seizures.
4. Plaintiff had experienced one prior seizure. This seizure occurred when plaintiff was eleven years old. At the time of her previous seizure, plaintiff was undergoing treatment for an unrelated medical condition.
5. Plaintiff was hospitalized until 2 March 1995. During her hospitalization, plaintiff was under the care of Dr. Graham-Hoskins. At the time of her discharge, plaintiff was restricted to her home for several days. She was also scheduled for an appointment with Dr. Coin which she attended on 8 March 1995. Dr. Coin diagnosed plaintiff with a mild form of primary generalized epilepsy.
6. Thereafter, plaintiff was referred to Duke University Medical Center where she was evaluated and treated by Dr. Radtke. Dr. Radtke was a board certified neurologist with a subspecialty certification in neurophysiology, concentrating in the areas of epilepsy and sleep disorders. Dr. Radtke performed an EEG study which revealed changes that were compatible with primary generalized epilepsy, a seizure disorder. The pattern revealed by the EEG was not consistent with a post-traumatic epileptic condition.
7. Plaintiff's seizures were due to generalized epilepsy. Plaintiff fell on 27 February 1995 as a result of an epileptic seizure. Plaintiff's epilepsy was not caused by her employment with defendant, or any incident occurring during her employment with defendant.
* * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to no compensation under the North Carolina Workers' Compensation Act.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each party shall bear its own costs.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ____________ MARY MOORE HOAG DEPUTY COMMISSIONER